| | |
|---|---|
| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br><br>Court Address: 7325 S Potomac Street #100<br>Centennial, CO 80112 | DATE FILED: April 6, 2020 3:59 PM<br>FILING ID: 1EBD9C0AF0A09<br>CASE NUMBER: 2020CV30790 |
| Plaintiff:   Michael Miles<br><br>Defendant:  James River Insurance Company | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Jordan S. Coley, #52152<br>DezaRae D. LaCrue , #40290<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>Phone Number:  303-757-3300<br>Fax Number:    303-757-3206<br>E-Mail:          coleyj@fdazar.com<br>                    lacrued@fdazar.com | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** | |

COMES NOW Plaintiff, Michael Miles, by and through his attorneys, Franklin D. Azar and Associates, P.C, for his Complaint against the Defendant, states and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Michael Miles is an individual and resident of the State of Colorado.

2. Defendant James River Insurance Company is a corporation doing business in the State of Colorado.

3. Venue is proper herein pursuant to C.R.C.P. 98.

4. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

1

**EXHIBIT A**

5.  On or about November 16, 2018, Mr. Miles was involved in a motor vehicle collision on S Parker Road at or just past the intersection of E Temple Drive.

6.  At the time of the collision, Mr. Miles was operating a 2012 Chevrolet Malibu.

7.  At the time of the collision, Nathan Tolva was operating a 2014 Audi Q-5.

8.  At the time of the collision, Angel Munoz Ortiz was operating a 2003 Chevrolet S10.

9.  Mr. Miles was traveling northbound on S Parker road just past the intersection of E Temple Drive.

10. Mr. Miles was traveling in front of the Tolva vehicle.

11. Mr. Miles was traveling behind the Munoz Ortiz vehicle.

12. Mr. Miles slowed for traffic in front of him.

13. Nathan Tolva failed to observe the traffic slowing in front of him.

14. The Tolva vehicle impacted the rear of Mr. Miles' vehicle.

15. Mr. Miles was then pushed into the rear of the Munoz Ortiz vehicle.

16. Nathan Tolva was traveling at 55 mph prior to impact.

17. As a result of the collision, the rear of Mr. Miles' vehicle sustained significant damage.

18. As a result of the collision, the front of Mr. Miles' vehicle sustained significant damage.

19. As a result of the collision, the Tolva vehicle sustained front end damage.

20. As a result of the collision, the rear of the Munoz Ortiz vehicle sustained damage.

21. Mr. Miles' vehicle had to be towed from the scene.

22. On November 16, 2018, Nathan Tolva was negligent.

23. Nathan Tolva caused the collision with Mr. Miles' vehicle.

24. On November 16, 2018, Mr. Miles was injured as a result of the collision.

**EXHIBIT A**

25. Mr. Miles was not negligent on the occasion in question.

26. Mr. Miles did not have an opportunity to avoid the collision.

27. No third party caused, or contributed to the cause, of the collision.

28. No third party caused, or contributed to Mr. Miles' injuries, damages, and losses.

29. On November 16, 2018, Nathan Tolva was insured with Allstate Insurance Company.

30. Nathan Tolva's policy of insurance with Allstate provided $100,000/$300,000 in bodily injury coverage.

31. On November 16, 2018, Mr. Miles was insured with Allstate Insurance Company under his own personal policy of insurance.

32. Mr. Miles' policy of insurance with Allstate provided $100,000/$300,000 in underinsured motorist benefits.

33. At the time of the collision Mr. Miles was driving for Lyft.

34. At the time of the collision Mr. Miles was covered through Lyft's uninsured/underinsured policy with Defendant.

35. The Lyft policy provided UM/UIM benefits of $1,000,000.00.

36. Defendant has not provided a copy of the Lyft policy of insurance to Plaintiff despite Plaintiff's request.

37. Following the collision, on November 16, 2018, Mr. Miles was transported by ambulance to Medical Center of Aurora with neck, back, right shoulder and right wrist pain.

38. Mr. Miles submitted his claim to Defendant in a timely manner.

39. Mr. Miles has cooperated with Defendant in its investigation of his claim.

40. Defendant has no reason to assert Mr. Miles failed to cooperate in any way.

**EXHIBIT A**

## GENERAL ALLEGATIONS REGARDING UNDERINSURED MOTORIST COVERAGE PAYMENTS

41. On December 4, 2018, Defendant (through York Risk Services Group) requested Mr. Miles completed a medical authorization and provider list.

42. On January 5, 2019, Mr. Miles, through his attorneys, returned the requested medical authorization and provider list to Defendant.

43. On June 25, 2019, Mr. Miles, through his attorneys, submitted medical records and billing statements totaling $47,337.27 to Defendant for evaluation and payment of benefits.

44. Defendant did not respond to Mr. Miles' June 25, 2019 correspondence.

45. On July 1, 2019, Mr. Miles, through his attorneys, submitted medical records and billing statements totaling $55,411.27 to Defendant for evaluation and payment of benefits.

46. Defendant did not respond to Mr. Miles' July 1, 2019 correspondence.

47. On July 3, 2019, Mr. Miles, through his attorneys, submitted medical records from Peak Orthopedics to Defendant for evaluation and payment of benefits.

48. Defendant did not response to Mr. Miles' July 3, 2019 correspondence.

49. On July 9, 2019, Mr. Miles, through his attorneys, informed Defendant that Allstate had offered the underlying bodily injury liability policy limits of $100,000 to Mr. Miles and he requested consent to settle with the tortfeasor, to be provided within 30 days.

50. Mr. Miles' July 9, 2019 letter to Defendant contained proof of the underlying liability policy limits and Allstate's tender letter.

51. On July 9, 2019, Mr. Miles, through his attorneys, informed Defendant that Mr. Miles had undergone lumbar surgery at Parker Adventist Hospital on July 8, 2019.

52. On July 9, 2019, Defendant stated it could not provide consent to settle until it had the "dec page" from Mr. Miles' personal policy with Allstate.

53. On July 9, 2019, Defendant requested Mr. Miles provide "a full demand package to review."

54. On July 9, 2019, Mr. Miles, through his counsel, asked Defendant if it had obtained Mr. Miles' personal policy of insurance with Allstate.

4

**EXHIBIT A**

55. Defendant did not respond to Mr. Miles' July 9, 2019 request regarding obtaining Mr. Miles' Allstate policy.

56. On July 9, 2019, Mr. Miles, through his counsel, provided Defendant with a copy of Mr. Miles' personal Allstate declarations page.

57. On July 9, 2019, Mr. Miles, through his counsel, asked Defendant to respond to the previous requests for underinsured motorist benefits and evaluation of the underinsured motorist claim.

58. Defendant did not respond to Mr. Miles' July 9, 2019 request regarding obtaining Mr. Miles' Allstate policy or underinsured motorist evaluation.

59. On August 6, 2019, Mr. Miles, through his attorneys, submitted medical records and billing statements totaling $92,127.43 to Defendant for evaluation and payment of benefits.

60. On August 30, 2019, Mr. Miles, through his attorneys, submitted medical billing statements from Diversified Radiology for $3,440 to Defendant for evaluation and payment of benefits owed.

61. On August 30, 2019, Mr. Miles, through his attorneys, again requested Defendant respond to his requests for evaluation of the underinsured motorist claim.

62. On September 3, 2019, Mr. Miles, through his attorneys, informed Defendant that Allstate had paid Mr. Miles' personal underinsured motorist benefits of $100,000.

63. On September 11, 2019, Mr. Miles, through his attorneys, submitted medical records and billing statements totaling $97,972.39 to Defendant for evaluation and payment of benefits.

64. On October 1, 2019, Defendant made an offer "in exchange for a release" of $2,000 to Mr. Miles.

65. Defendant knowingly attempted to negotiate a full and final release on a UIM case.

66. Defendant's policy of insurance does not require the insured to sign a full and final release.

67. Defendant's policy of insurance does not require the insured to sign a release with confidentiality.

68. Defendant's policy of insurance does not require the insured to sign a release with non-disparagement.

**EXHIBIT A**

69. Defendant did not explain its evaluation of Mr. Miles' underinsured motorist claim in its October 1, 2019 letter.

70. On October 8, 2019, Mr. Miles, through his attorneys, submitted medical records and billing statements totally $99,734.39 to Defendant for evaluation and payment of benefits.

71. On October 8, 2019, Mr. Miles again asked for a breakdown of Defendant's evaluation of Mr. Miles' underinsured motorist claim.

72. On October 16, 2019, Mr. Miles, through his attorneys, submitted medical records and billing statements totaling $215,422.39 to Defendant for evaluation and payment of benefits.

73. On October 16, 2019, Mr. Miles, through his attorneys, asked Defendant to respond to the October 8, 2019 letter requesting Defendant's underinsured motorist evaluation of Mr. Miles' claim.

74. On October 31, 2019, Defendant, through counsel Ryan Gill, requested Mr. Miles' prior medical records.

75. Ryan Gil is the claim handler for Defendant.

76. Ryan Gil has investigated the claim on behalf of Defendant.

77. Ryan Gil has information relevant to Defendant's claim handling.

78. On December 11, 2019, Mr. Miles, through his counsel, provided Defendant with the prior medical records he was able to obtain at that point.

79. On December 11, 2019, Mr. Miles, through his counsel, asked Defendant to provide a copy of the claim notes regarding what investigation and evaluation had been done so far on Mr. Miles's claim.

80. Defendant did not provide Mr. Miles with a copy of the claim notes.

81. On December 11, 2019, Mr. Miles, through his counsel, asked Defendant to provide copies of any records obtained by Defendant pursuant to the medical authorization returned to Defendant in January 2019.

82. Defendant did not provide Mr. Miles with copies of any medical records obtained by Defendant pursuant to the medical authorization returned to Defendant in January 2019.

**EXHIBIT A**

83. On March 17, 2020, Defendant requested Mr. Miles complete medical authorizations again.

84. On April 3, 2020, Mr. Miles, through his attorneys, returned the requested medical authorization to Defendant.

85. Defendant knowingly refused to provide information requested by Mr. Miles.

86. Defendant knowingly failed to obtain Mr. Miles' medical records through the use of the medical authorization provided to Defendant on January 5, 2019.

87. Defendant has not provided a breakdown of its evaluation of Mr. Miles' underinsured motorist claim.

88. Defendant has not paid benefits in response to all the information Defendant was provided by Mr. Miles.

89. Defendant has delayed payment of underinsured motorist benefits to Mr. Miles.

90. Defendant has failed to pay any underinsured motorist benefits to Mr. Miles.

91. Defendant is earning interest on the money it has withheld from Mr. Miles.

92. Defendant's failure to pay Mr. Miles results in Defendant favoring its own financial interests above those of Mr. Miles.

93. Defendant's failures in Mr. Miles' case fail to meet the standard set for in Defendant's own claim handling manual.

94. Defendant has failed to comply with Colorado's Unfair Claims Settlement Practices Act.

95. Defendant has failed to pay undisputed medical bills as required under *Fisher v. State Farm*.

96. Defendant has no documentation in its file that Mr. Miles failed to cooperate with it.

97. Defendant has never sent a reservation of rights to Mr. Miles.

### FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT-UIM BENEFITS)

97. Mr. Miles incorporates all prior allegations as though fully set forth herein.

**EXHIBIT A**

98. Sometime prior to the collision, Lyft entered into a contract with Defendant for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving underinsured motorists. Upon information and belief, at all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant and the Plaintiff was a beneficiary of this contract. As a Lyft driver, Mr. Miles is entitled to the full policy benefits of Defendant's policy.

99. Mr. Miles has advised Defendant of a claim for underinsured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant in connection with the claim.

100. Mr. Miles is an intended beneficiary of Defendant's insurance policy/contract and is therefore entitled to enforce its terms.

101. Mr. Miles is entitled to be compensated by Defendant for all damages he has incurred, including significant medical bills and other expenses, pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency , physical impairment, and disability, under the underinsured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF
## (FIRST PARY STATUTORY CLAIM
## UNDER C.R.S. § 10-3-1116)

102. Mr. Miles incorporates all prior allegations as though fully set forth herein.

103. Defendant has denied and delayed payment of underinsured motorist benefits to Mr. Miles without a reasonable basis for its action.

104. Defendant's unreasonable position and conduct has caused Mr. Miles damage by the loss of the compensation that is due to him and which Defendant should have previously paid to him.

105. In accordance with C.R.S. §10-3-1116, Mr. Miles is entitled to recover from Defendant two times the covered underinsured motorist benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
## (BAD FAITH)

106. Mr. Miles incorporates all prior allegations as though fully set forth herein.

107. Defendant owed Mr. Miles a duty to act in good faith in reviewing, adjusting and settling his claims.

**EXHIBIT A**

108. Defendant breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

    (a) Compelling this Mr. Miles to institute litigation to recover amounts due to him under the underinsured motorist bodily injury liability benefits afforded Mr. Miles under the insurance policy;

    (b) Favoring the interests of Defendant, an insurer, over those of Mr. Miles, an insured, by withholding benefits and earning interest on the money it withheld;

    (c) Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Mr. Miles suffered at the hands of an underinsured motorist;

    (d) Failing to provide a release or copy of the confidentiality and non-disparagement clause language for Mr. Miles to review.

109. Defendant's actions were unreasonable.

110. Defendant knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

111. As a direct result of Defendant's breaches of its duties to its insured, Mr. Miles has been damaged including, but not necessarily limited to:

    a. Being forced to incur additional costs in litigation;
    b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendant; and
    c. Being deprived of the use of funds that would otherwise be used for such things as medical treatment and for lost wage coverage which should have been paid by now.

WHEREFORE, Mr. Miles prays for judgment against Defendant for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Mr. Miles's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully, submitted this 6th day of April, 2020.

          FRANKLIN D. AZAR & ASSOCIATES, P.C.
          By: /s/ Jordan S. Coley

**EXHIBIT A**

                    Jordan S. Coley, #52152
                    DezaRae D. LaCrue , #40290
                    Counsel for Plaintiff

**Plaintiff's Address:**
**4580 South Delaware Street**
**Englewood, CO 80110**

**EXHIBIT A**